**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MICHAEL FINLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 26-2454-EFM-JBW |
| LIZABETH FINLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 26-2459-EFM-JBW |

**ORDER CONSOLIDATING CASES**

This matter is before the Court on Defendant's unopposed Motion for Consolidation (Dkt. 10). Defendant requests that the Court consolidate this action, pursuant to Fed R. Civ P. 42(a), with another action pending against it, *Lizabeth Finley v. State Automobile Mutual Insurance Company*, Case 26-cv-2459-HLT-ADM. Both cases were filed by the same counsel for each Plaintiff and Defendant is represented by the same counsel in both cases. For the reasons stated below, the Court grants the motion.

Under Federal Rule of Civil Procedure 42(a)(2), the court may consolidate for trial or hearing any or all of the matters at issue in the actions if they involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial

court.[1] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[2] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[3] In determining whether consolidation was appropriate, the Tenth Circuit has also considered: (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[4]

The Court finds that consolidation of the two cases is appropriate under Fed. R. Civ. P. 42(a)(2). The claims of Plaintiff Michael Finley and the claims of Plaintiff Lizabeth Finley arise from the same occurrence, involve the same insurance policy issued by Defendant, and involve common questions of law and fact. Both cases arise from an automobile accident that occurred on October 17, 2024 wherein Michael Finley was the driver and Lizabeth Finley was a passenger in the same vehicle. Plaintiffs are husband and wife and are represented by the same attorney. Both assert claims alleging Defendant breached its contract with Plaintiffs under the terms of the underinsured portion of their contract with Defendant. In both cases, Defendant has filed an Answer and alleged that Plaintiff Michael Finley was negligent and bears some portion of fault for the accident. As a result, if the cases are not combined, Defendant will have to add Michael Finley as a third party to the case brought by Lizabeth Finley. The Court thus finds that consolidation of

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[3] *Id.*

[4] *Shump*, 574 F.2d at 1344.

these actions for all purposes under Rule 42(a)(2) is appropriate and would conserve the parties' resources and promote judicial economy.

**IT IS THEREFORE ORDERED** that Defendant's unopposed Motion for Consolidation (Dkt. 10) filed in Case 26-2454 is **GRANTED**. Pursuant to Fed. R. Civ. P. 42(a)(2), Case **26-2454** and Case **26-2459**, as captioned above, are consolidated for all future matters, including discovery, pretrial proceedings, and trial.

**IT IS FURTHER ORDERED** that the lowest-numbered case (**26-2454)** shall be designated as the lead case. All future case filings shall be filed in the lead case only and reflect the consolidated caption used in this Order.

**IT IS FURTHER ORDERED THAT** the Scheduling Conference for the consolidated cases will be held on **September 29, 2026 at 1:30 P.M. (Central Time)** by telephone. Participants must dial conference line**: 1-855-244-8681** and enter access code: **2318 597 5583** to join the conference. The deadline for the parties' Rule 26(f) conference is extended to **September 18, 2026**, but the deadline for the parties to submit their respective Rule 26(a)(1)(A) initial disclosures and a proposed scheduling order remains due to *ksd_wieland_chambers@ksd.uscourts.gov* by **September 22, 2026**.

**IT IS SO ORDERED**.

Dated September 10, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge